UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ALVAREZ, | No. C 12-5623 SI (pr) |
| Petitioner, | **ORDER FOR AMENDED PETITION** |
| v. | |
| CONNIE GIPSON, warden, | |
| Respondent. | |

George Alvarez filed a petition for writ of habeas corpus last year to challenge his 2002 conviction in Monterey County Superior Court. *See Alvarez v. Lopez*, No. 11-373 SI. His petition asserted claims that (1) his right to due process was violated because the evidence was insufficient to support the verdict, (2) his right to due process was violated because a juror engaged in misconduct, and (3) California Penal Code § 667.61 is unconstitutional After respondent moved to dismiss the petition as untimely and procedurally defaulted, Alvarez moved for a voluntary dismissal to exhaust state court remedies as to one or more claims. The court granted the motion and dismissed the action on July 25, 2011.

Last month, Alvarez filed this action, with a new petition for writ of habeas corpus to challenge the same 2002 conviction. In the 2012 petition, Alvarez asserted only one claim, i.e., that he is factually innocent of the kidnaping of Jane Doe # 1. He urged that the claim was based on the "newly discovered evidence" of the California Supreme Court's decision in *People v. Brents*, 53 Cal. 4th 699, 267 P.3d 1135 (Cal. 2012).

It is unclear to the court whether Alvarez intended to abandon the three claims that he asserted in his 2011 petition or somehow thought they would automatically be considered in the present action. Alvarez is now informed that the only claim pending in this court is the actual innocence claim. The three claims from his 2011 petition are not before the court and will not be considered unless he amends his 2012 petition to allege those claims. Therefore, if Alvarez wants this court to consider those three claims, he must file an amended petition in this action alleging those claims, as well as the actual innocence claim and any other claim he wants the court to consider. With very few and very limited exceptions, a petitioner may file only one federal habeas petition to challenge his conviction, and likely will face dismissal of any later-filed petition raising new claims. *See* 28 U.S.C. § 2244(b).

No later than **January 18, 2013**, Alvarez must file an amended petition that asserts *all* of his claims regarding the 2002 conviction. If he does not file an amended petition by that date, the court will assume that he truly wishes to have the court consider *only* the claim that he is actually innocent.

Also, no later than **January 18, 2013**, Alvarez must file a completed *in forma pauperis* application or pay the $5.00 filing fee. Failure to file the application or pay the filing fee by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: December 12, 2012

_____
SUSAN ILLSTON
United States District Judge

2